UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| VISION CENTER NORTHWEST, INC., )<br>d/b/a Vision Values by Dr. Tavel, )<br> )<br> Plaintiffs )<br> )<br>vs. )<br> )<br>VISION VALUE, LLC, )<br>f/k/a Eyeglass World, )<br> )<br> Defendant ) | CAUSE NO. 3:07-CV-183 RM |

OPINION and ORDER

Vision Center Northwest, Inc. alleges in its complaint that the use by Eyeglass World of Vision Center's "Vision Value" trademark in connection with the operation, marketing, and promotion of the Vision Value vision care stores amounts to unfair competition [Count I] in violation of 15 U.S.C. § 1125(a), trademark dilution [Count II] in violation of 15 U.S.C. § 1125(c), and unfair competition, trade name infringement, trademark infringement, dilution, and misappropriation [Count III] in violation of Indiana and federal common law. Vision Value has moved to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), which requires the court to determine whether the facts alleged in the complaint state a claim upon which relief can be granted. Bell v. Hood, 327 U.S. 678, 682 (1946).

As an initial matter, Vision Center has requested that the court deny the motion to dismiss based on Vision Value's non-compliance with Rule 7.1(b) of the

Local Rules of the United States District Court for the Northern District of Indiana. Vision Value's filing isn't in compliance with Rule 7.1(b), which requires that any motion under Federal Rule of Civil Procedure 12 be accompanied by a separate supporting brief, but because Vision Center was able to file a response to the motion and the delay in consideration of the motion that would result from Vision Value re-filing the motion in the proper form doesn't seem to be the best use of the time and resources of the court or the parties, especially in light of the other filings in this case – Vision Center's motion for expedited discovery and motion for a preliminary injunction, which both just became ripe – the court will address the motion's merits and admonish the parties that all further filings must comport with the requirements of the Local Rules.

Federal Rule of Civil Procedure 12(b)(6) authorizes dismissal of complaints that state no actionable claim. The complaint's factual allegations are taken as true and viewed in the light most favorable to the plaintiff, as the non-moving party, when challenged by a motion to dismiss. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); Williams v. Seniff, 342 F.3d 774, 781 (7th Cir. 2003). "The plaintiff's claims should survive dismissal if relief could be granted under any set of facts that could be proved consistent with the allegations." McMillan v. Collection Professionals, Inc., 455 F.3d 754, 758 (7th Cir. 2006). The function of a motion to dismiss for failure to state a claim is to test the legal sufficiency of the complaint and not the facts that support it. Neitzke v. Williams, 490 U.S. 319, 326-327 (1989). The issue in a Rule 12(b)(6) motion is "not whether a plaintiff will

ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Caremark, Inc. v. Coram Healthcare Corp., 113 F.3d 645, 648 (7th Cir. 1997) (*quoting* Scheuer v. Rhodes, 416 U.S. at 236).

Vision Value argues that Vision Center hasn't stated a claim under Section 43(a) of the Lanham Act because Vision Center hasn't alleged ownership of a valid trademark. Vision Value contends that "it is incumbent on [Vision Center] to allege facts showing that the term 'Vision Values' is not generic but is in fact a valid mark." Mot., at 3. According to Vision Value, the complaint must be dismissed because Vision Center "has not and cannot as a matter of law allege that 'Vision Values' is a protectable mark under either federal or common law." Mot., at 5. The court can't agree.

The complaint alleges that the "Vision Values" trademark has been used and prominently displayed at Dr. Tavel's stores in Indiana since 1991, "has become widely and favorably known to the public for quality vision care services at an affordable price," "has become widely and favorably associated with Dr. Tavel," and "is both famous and distinctive." Compl., ¶¶ 10-12. Vision Center has also alleged unfair competition, false designation, consumer confusion, dilution, and damages resulting from use of the "Vision Values" mark by Eyeglass World. Those statements are sufficient to allege the existence of a protectable mark. *See, e.g.,* TMT North America, Inc. v. Magic Touch GmbH, 124 F.3d 876, 881 (7th Cir. 1997) ("Since the purpose of a trademark, whether federally registered or unregistered, is to designate the origin of goods, the infringement of such a

3

trademark is actionable under section 43(a)." (*quoting* W.T. Rogers Co., Inc. v. Keene, 778 F.3d 334, 337 (7th Cir. 1985))); Flentye v. Kathrein, 485 F. Supp.2d 903, 918 (N.D. Ill. 2007) (allegations in complaint – that marks were used to promote real estate and "have come to be closely identified with the services provided by plaintiff" – held sufficient to state plaintiff had a protectable mark); APBHN, Inc. v. America Online, Inc., No. TH00-0135-C-M/H, 2001 WL 1028851, at * 5 (S.D. Ind. June 19, 2001) (plaintiff's allegation that "because of the extensive use of the term 'hometown,' the mark has become associated with their . . . services" found sufficient to state a claim); GMA Assessories, Inc. v. Idea Nuova, Inc., 157 F. Supp.2d 234, 241 (S.D.N.Y. 2000) (allegation that mark was "famous" and "distinctive" sufficient to plead elements of claim).

Analysis of a Rule 12(b)(6) motion requires the court to consider whether the plaintiffs could prevail "under any legal theory or set of facts." County of McHenry v. Insurance Co. of the West, 438 F.3d 813, 818 (7th Cir. 2006). While Vision Value may defend by challenging the validity of the mark, Vision Center has alleged facts in its complaint suggesting it has a valid trademark and that Vision Value infringed on its mark. Accordingly, the motion to dismiss [docket # 7] is DENIED.

SO ORDERED.

ENTERED:   July 20, 2007

　　　　　　　　　　　　　　/s/ Robert L. Miller, Jr.

4

Chief Judge
United States District Court