UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| VISION CENTER NORTHWEST INC., | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | )   CAUSE NO. 3:07-CV-183 RLM<br>) |
| VISION VALUE LLC, | )<br>) |
| Defendant. | ) |

**OPINION AND ORDER**

On September 14, 2007, Plaintiff Vision Center Northwest Inc. (VCN) filed a motion to compel responses to interrogatories. On September 19, 2007, VCN filed a second motion to compel. On September 21, 2007, VCN filed a motion for an expedited ruling on these motions to compel. That motion is **GRANTED** [Doc. No. 29], and this Court now enters its ruling on all pending discovery matters.

**I.   PROCEDURE**

On April 19, 2007, VCN filed its complaint in this Court alleging that Defendant Vision Value LLC (Vision Value) had committed, among other things, federal trademark violations. On June 28, 2007, VCN filed a motion for a preliminary injunction and for expedited discovery. On August 1, 2007, this Court set a hearing on VCN's motion for a preliminary injunction. On that same day, this Court granted VCN's motion for expedited discovery.

On August 7, 2007, this Court established a limited fact discovery deadline of October 1, 2007. Depositions of experts were to conclude by October 20, 2007. The hearing date for the preliminary injunction was set for October 30, 2007.

On September 14, 2007, VCN filed its first motion to compel.  VCN claims that Vision Value provided insufficient responses to its interrogatories.  VCN seeks to compel answers to these interrogatories.  On September 19, 2007, VCN filed a second motion to compel.  VCN wants to depose two individuals and seeks to have Vision Value produce them for depositions.  Vision Value objected to both of these motions on September 25, 2007.  This Court may rule on these motions pursuant to its referral order and 28 U.S.C. § 636(b)(1)(A).

**II.  ANALYSIS**

    A.  <u>VCN's motion to compel interrogatories</u>

On August 13, 2007, VCN served Vision Value with interrogatories.  Vision Value responded on August 23, 2007.  VCN was not satisfied with Vision Value's replies, so pursuant to Local Rule 37.1(c), the parties conferred on September 10, 2007, to resolve the dispute over whether Vision Value had properly responded.

On September 10, 2007, VCN's counsel sent an email to Vision Value's counsel that stated,

> As a continuation to our "discovery dispute conference" . . . please allow this email correspondence to serve as the Plaintiff's continuing request for the supplementation to the Defendant['s] [sic] non-responsive and/or insufficient answers to expedited discovery in this matter served on August 23, 2007 (Doc. No. 25-3).

Vision Value, though, never responded to VCN's email.  VCN argues that the parties had agreed that Vision Value would provide supplemental answers.  There is no evidence before this Court that establishes such an agreement in fact existed.  However, this Court need not resolve whether the parties had an agreement or not.

In its response, Vision Value argues that they properly responded to VCN's original interrogatories.  But those interrogatories are not at issue.  VCN seeks answers to its

supplemental interrogatories that it provided by email.  Vision Value claims that VCN never served additional interrogatories.  This Court disagrees.  This Court construes VCN's email as supplemental interrogatories that Vision Value must answer.

The email from VCN's counsel looks precisely like additional interrogatories.  The email interrogatories pertained to the same subject matter as the previous interrogatories, and they were numbered the same as the previous interrogatories.  However, while the interrogatories from VCN's September 10, 2007, email are similar to the original interrogatories, they are different.  The email interrogatories ask more specific questions and call for different answers than many of the originals.  While the email is not captioned "Interrogatories," they are in substance supplemental interrogatories.

Fed. R. Civ. P. 33(a) only restricts a party to serving up to 25 interrogatories. Originally, VCN only served 16 interrogatories.  VCN served 8 more via email.  Thus, VCN did not need leave of court to serve the additional interrogatories.  Further, this Court is not aware of any authority that does not allow VCN to serve the interrogatories via email.  Fed. R. Civ. P. 33(a) only requires that they be "written," and an email is a "written" form of media.

Vision Value does not argue that the interrogatories were improperly served or provide any reason why they should not respond to the email interrogatories.  Simply put, because the email interrogatories were proper, Vision Value must respond.[1]  VCN's motion to compel responses to interrogatories is **GRANTED**.  Because parties are engaging in expedited

---

[1] Fed. R. Civ. P. 33(b)(3) clearly provides that "[t]he party upon whom the interrogatories have been served shall serve a copy of the answers, and objections if any, within 30 days after service."

3

discovery, Vision Value is **ORDERED** to provide complete answers to VCN's interrogatories by **October 12, 2007**.

      B.     VCN's motion to compel depositions

VCN seeks to depose two individuals: 1) an unknown "manager" (the manager) of a Vision Value store in Mishawaka, Indiana, and 2) Daniel Stanton (Stanton).  VCN argues that Vision Value has not produced these two individuals for a deposition and seeks an order compelling Vision Value to produce them for a deposition.

      1.     The manager

Fed. R. Civ. P. 30(a)(1) provides that a party may depose any person by deposition, but a non-party may only be compelled to attend a deposition via a subpoena pursuant to Fed. R. Civ. P. 45.  VCN does not dispute that it has not subpoenaed the manager to appear.  Instead, VCN seeks to compel Vision Value to produce the manager because it believes he is a managing agent of Vision Value.

Vision Value's counsel claims that the manager is nothing more than an employee or a non-party, and he is not an officer, director, or managing agent.  Courts have used a three prong test to determine if a person is a managing agent: 1) whether the corporation invested the person with discretion to exercise his judgment, 2) whether the employee could be depended upon to carry out the employer's directions, and 3) whether the person could be expected to identify himself with the interests of the corporation.  See Dubai Islamic Bank v. Citibank, N.A., 2002 WL 1159699 at 2 (S.D.N.Y. 2002); Reed Paper Co. v. Proctor & Gamble Distrib. Co., 144 F.R.D. 2, 4 (D.C. Me. 1992).  Vision Value has represented that the manager does not satisfy any of these qualifications, nor has VCN established that the manager satisfies these qualifications.

At best, the manager is an employee and nothing more. Consequently, if VCN seeks to depose the manager, it must do so via a Fed. R. Civ. P. 45 subpoena. VCN's motion with regards to the manager is **DENIED**.

       2.       Daniel Stanton

The dispute over the deposition of Daniel Stanton is based purely on confusion. Apparently, VCN was prepared to depose Stanton and Vision Value was prepared to produce him as a fact witness, but then Vision Value designated him as an expert. VCN then notified Vision Value that they would simply depose Stanton during the expert witness discovery period. Vision Value interpreted this to mean that VCN was waiving its right to depose Stanton as a fact witness. VCN retorted that it was simply trying to be more efficient by deposing Stanton one time as to both factual and expert opinions rather than to bifurcate the deposition.

The communications reveal that Vision Value was prepared to offer Stanton for a deposition as to factual matters. Vision Value does not dispute that it had notice that VCN would depose Stanton as a fact witness, nor does Vision Value argue that Stanton should not be deposed because of any procedural infirmities. The only issue between the parties is whether VCN can question Stanton as to facts if he is deposed as an expert after the close of discovery. This Court finds that it would be in the interests of fairness and efficiency to have one deposition of Stanton rather than two. The parties had agreed that Stanton would be deposed as a factual witness. Vision Values' designation of Stanton as an expert does not change anything. Therefore, while Vision Value is technically correct that the discovery deadline will have closed by the time VCN deposes Stanton, this Court will not punish VCN for trying to be amiable with scheduling. Consequently, the deposition of Stanton will go forward.

In summary, VCN's motion to compel depositions is **GRANTED IN PART** and **DENIED IN PART**. VCN's motion is **GRANTED** with respect to the deposition of Stanton. VCN may depose Stanton on both factual issues and expert issues at the time his deposition is scheduled.[2] VCN's motion is **DENIED** with respect to the manager.

C.  Ancillary Matters

Vision Value has moved for costs associated in responding to these motions. That request is **DENIED**. Cases involving intellectual property issues, such as this one, are complicated, and counsel for both parties must proceed through discovery with the utmost candor and willingness to cooperate for the litigation to proceed smoothly. The basis for these discovery disputes has been the lack of communication or lack of clarity in communications between counsel. Simply put, this Court expects more. Telephone conversations rather than dueling emails may be the more appropriate course of communication so that the parties fully understand each other's position. Regardless, both parties are equally at fault in this situation. However, the parties are cautioned to choose their discovery battles wisely in the future or they may suffer adverse consequences.

**III.  CONCLUSION**

For the reasons stated, VCN's motion for an expedited ruling is **GRANTED** [Doc. No. 29], VCN's motion to compel interrogatories is **GRANTED** [Doc. No. 25], and VCN's motion to compel depositions is **GRANTED IN PART** and **DENIED IN PART** [Doc. No. 27].

**SO ORDERED.**

---

[2] This Court has been notified that Stanton may no longer be designated as an expert. Regardless of whether Stanton is an expert or not, the date that he currently scheduled to be deposed shall go forward regarding factual issues and expert issues if applicable.

Dated this 4th Day of October, 2007.

S/Christopher A. Nuechterlein
Christopher A. Nuechterlein
United States Magistrate Judge
