UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| VISION CENTER NORTHWEST, INC., )<br>d/b/a Vision Values by Dr. Tavel, )<br>                                )<br>           Plaintiff            )<br>                                )<br>      vs.                       )<br>                                )<br>VISION VALUE, LLC,              )<br>f/k/a Eyeglass Express,         )<br>                                )<br>           Defendant            ) | CAUSE NO.  3:07-CV-183 RM |

OPINION and ORDER

On November 1, 2007, the court granted the motion for preliminary injunction of Vision Center Northwest, Inc. ("Tavel"), prohibiting Vision Value, LLC "from using 'Vision Value' or 'Vision Values' or a substantially similar word or phrase, in any public forum in or directed to Indiana, including but not limited to signage, telephone directories, billboards, broadcast advertisements, newspapers advertisements, or as a corporate name, trademark, service mark, or assumed name." Opinion and Order [docket # 42], at 20. Vision Value is now before the court asking that the injunction be stayed for a period of five weeks, that the company be allowed to use the phrase "formerly known as Vision Value" for a period of six months and use the term "vision value" generically, and that the court clarify the plaintiff's obligation to post a bond. Vision Value filed its motion pursuant to Federal Rule of Civil Procedure 59(e).

Tavel filed a response to Vision Value's motion, but that response[1] doesn't address any of Vision Value's requests for additional time to comply with the preliminary injunction order. The unhelpfulness of the Tavel response – coupled with the recent filing of a rule to show cause, in which Tavel complains about non-compliance with the injunction order and, again, doesn't address the requested extension of time for that compliance – has resulted in the court's having to expend more time than should have been necessary to resolve the issues in the original motion to stay and amend. Tavel's request for a rule to show cause and its accompanying request for attorneys' fees incurred in filing that motion will be summarily denied.

Vision Value's motion for a stay and to amend judgment was filed pursuant to Federal Rule of Civil Procedure 59(e), which provides that any motion to alter or amend a judgment "shall be filed no later than 10 days after entry of the judgment" or order being challenged. Vision Value's motion was filed on November 19, more than ten days after entry of the preliminary injunction order on November 1, so the motion must be considered as one for relief under Federal Rule of Civil Procedure 60(b). See Helm v. Resolution Trust Corp., 43 F.3d 1163, 1166 (7th Cir. 1994) ("We have established a bright-line rule for distinguishing

---

[1] Tavel argued that Vision Value's motion doesn't contain the allegations required by Rule 59(e), but Rule 59(e) doesn't govern the motion, as discussed *infra*; Tavel claimed Vision Value's arguments could and should have been made in response to the preliminary injunction motion or at the October 30 hearing, but the preliminary injunction order hadn't been issued prior to or at the October 30 hearing; and Tavel complained that Vision Value's motion doesn't invoke Federal Rule of Civil Procedure 62(c), but Rule 62(c) governs a stay of proceedings "pending appeal," and a motion to amend or correct a judgment does not constitute an appeal, Bell v. Eastman Kodak Co., 214 F.3d 798, 801 (7th Cir. 2000), and no notice of appeal has been filed.

59(e) motions from 60(b) motions. The time of a motion's service controls whether a motion challenging a judgment is a 60(b) or a 59(e) motion."). The grounds for relief under Rule 60(b) are more limited than those for relief under Rule 59(e), Tango Music, LLC v. DeadQuick Music, Inc., 348 F.3d 244, 247 (7th Cir. 2003), and even though the court is not required to "agoniz[e] over whether a motion asserts grounds for relief included in Rule 60(b) [as] it is the movant's task to make its contentions clear," United States v. Deutsch, 981 F.2d 299, 302 (7th Cir. 1992), the court will consider Vision Value's arguments pursuant to Rule 60(b).

Federal Rule of Civil Procedure 60(b) provides the court the discretion to relieve a party from a judgment on the grounds of mistake, inadvertence, surprise, excusable neglect, newly discovered evidence, fraud, or "any other reason justifying relief from the operation of the judgment." Relief under Rule 60(b) generally "is an extraordinary remedy and is granted only in exceptional circumstances." United States v. 8136 S. Dobson St., Chicago, Ill., 125 F.3d 1076, 1082 (7th Cir. 1997) (*quoting* Dickerson v. Board pf Educ., 32 F.3d 1114, 1116 (7th Cir. 1994)). Motions for reconsideration under Rule 60(b) serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence. *See* Paradigm Sales, Inc. v. Weber Marketing Sys., Inc., 880 F. Supp. 1242, 1244 (N.D. Ind. 1994).

Vision Value first asks that implementation of the injunction be delayed for five weeks to allow the company to cease its use of "Vision Value." Vision Value represents that it has begun implementing a name change, but needs more time

3

– five more weeks – to comply fully. While Tavel complains in its request for a show cause order that Vision Value hasn't chosen a new name, has contacted just one sign company to remove its awning, and has continued to advertise in the South Bend Tribune, Vision Value represents that it has made arrangements to change its name and its awnings and is in the process of making other contacts relating to the changing of its name. The company maintains those changes will take five weeks to complete. Vision Value's request for additional time in this regard could not have been advanced prior to or during the injunction hearing and is not unreasonable.

Vision Value asks that it be permitted to use the phrase "formerly known as Vision Value" in its promotional materials for a period of six months. Vision Value says inclusion of that phrase will allow the company to alert its customers to its new name. Vision Value says its use of that phrase will not cause confusion, but the court can't imagine why the term "formerly known as Vision Value" would be any less likely to confuse a consumer who associates "Vision Values" with Tavel. Vision Value's request in this regard will be denied.

Vision Value argues that the November 1 Opinion and Order is ambiguous or contains a typographical error with respect to the requirement that Tavel post a bond. Vision Value says Tavel hasn't satisfied the requirements of Federal Rule of Civil Procedure 65(c) by filing a letter of credit instead of depositing cash or filing a bond with the court. The court can't agree; the letter of credit submitted by Tavel serves as a bond for the injunction and ensures Tavel's payment of

4

$50,000, if necessary. *See* Lakeview Technology, Inc. v. Robinson, 446 F.3d 655, 658 (7th Cir. 2006) ("When the evaluation of relative error costs depends in large measure on the fact that the defendant may be unable to pay damages, this balance changes if a bond or letter of credit ensures that the prevailing side can be compensated adequately."); Employers Ins. of Wausau v. El Banco De Seguros Del Estado, 357 F.3d 666, 671 (7th Cir. 2004) ("And while letters of credit are sometimes used to secured debts that arose before the letter was issued, they are more commonly used to secure future debts." (citations omitted)); Mead Johnson & Co. v. Abbott Labs., 201 F.3d 883, 888 (7th Cir. 2000) (stating that in setting the amount of security, "district courts should err on the high side," which might include the requirement of posting a bond, a standby letter of credit, or equivalent security).

Vision Value lastly argues that it shouldn't be prohibited from using the term "vision value" in a descriptive or generic sense and asks that the judgment be amended accordingly. Vision Value had an opportunity to present its arguments related to the issues of descriptiveness and genericness, and its motion presents no newly discovered evidence on this issue. Vision Value's argument that the injunction should be modified to allow for its use of "'vision value' in a descriptive sense" doesn't establish the "special circumstances" that would justify the "extraordinary remedy" afforded by Rule 60(b). Cash v. Illinois Div. of Mental Health, 209 F.3d 695, 698 (7th Cir. 2000); *see also* United States v. Deutsch, 981

5

F.2d 299, 301 (7th Cir. 1992) (Rule 60(b) motions "cannot be general pleas for relief").

Based on the foregoing, the court GRANTS IN PART and DENIES IN PART the motion of Vision Value, LLC for a stay and to amend the preliminary injunction order [docket # 49] in the following particulars:

> (a) Vision Value is AFFORDED a period of three weeks from the date of this order to implement its name change;[2] and
>
> (b) Vision Value's motion is DENIED in all other respects.

The court further DENIES the motion of Vision Center Northwest, Inc. for an order to show cause [docket # 53] without requiring a response from the defendant.

SO ORDERED.

ENTERED:   December 5, 2007

　　　　　　　　　　　　　　　　/s/ Robert L. Miller, Jr.
　　　　　　　　　　　　　　　　Chief Judge
　　　　　　　　　　　　　　　　United States District Court

---

[2] The time periods afforded to Vision Value are based on the passage of two weeks since the filing of its motion and a month since the issuance of the preliminary injunction order.