UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

VISION CENTER NORTHWEST, INC., )
d/b/a VISION VALUES BY DR. TAVEL,)
                                      )
               Plaintiff      )
                                      )
       vs.                                )    CAUSE NO. 3:07-CV-183 RM
                                      )
VISION VALUE, LLC,              )
                                      )
             Defendant   )

OPINION and ORDER

On November 1, 2007, the court granted Dr. Tavel's request for a preliminary injunction prohibiting Vision Value "from using 'Vision Value' or 'Vision Values' or a substantially similar word or phrase, in any public forum in or directed to Indiana, including but not limited to signage, telephone directories, billboards, broadcast advertisements, newspaper advertisements, or as a corporate name, trademark, service mark or assumed name." Opinion and Ord. of Nov. 1, 2007, at 20 [docket # 42].The court further directed Dr. Tavel to post a $50,000 surety bond to remain in effect until the preliminary injunction is dissolved or converted to a permanent injunction. *Id.* The court denied Vision Value's motion to reconsider on December 5. On December 28, Vision Value filed a counterclaim for wrongful injunction.

Dr. Tavel has filed moved to dismiss the counterclaim pursuant to Federal Rule of Civil Procedure 12(b)(1) because, Dr. Tavel says, the defendant's claim is

not yet ripe for review or, alternatively, pursuant to Federal Rule of Civil Procedure 12(b)(6) because the counterclaim "cites no particular grounds and therefore can be used as yet another request for reconsideration of this court's entry of a preliminary injunction, which Vision Value did not appeal." Mot., ¶ 2.

Federal Rule of Civil Procedure 12(b)(1) authorizes dismissal of complaints that bring no actionable claim within the subject matter jurisdiction of the federal courts. The party asserting jurisdiction bears the burden of demonstrating subject matter jurisdiction by competent proof. Thomas v. Gaskill, 315 U.S. 442, 446 (1942); Sprint Spectrum, L.P. v. City of Carmel, Ind., 361 F.3d 998, 1001 (7th Cir. 2004). A motion to dismiss for lack of subject matter jurisdiction presents a threshold question concerning the court's power to act: a federal court must assure itself that it possesses jurisdiction over the subject matter of a case before it can proceed to take any action on the merits. Petruska v. Gannon Univ., 462 F.3d 294, 302 (3d Cir. 2006) ("At issue in a Rule 12(b)(1) motion is the court's very power to hear the case."). A court must dismiss an action without reaching the merits if it concludes there is no jurisdiction. Capitol Leasing Co. v. F.D.I.C., 999 F.2d 188, 191 (7th Cir. 1993).

Dr. Tavel maintains that Vision Value's counterclaim "must be taken as one seeking damages on the injunction bond," Memo., at 4, and, as such, Vision Value wouldn't be entitled to any recovery until such time as a final judgment is entered its favor. Dr. Tavel concludes that the counterclaim isn't yet ripe, so the court lacks jurisdiction and dismissal is required. The court doesn't read the counter-

2

claim so narrowly. While consideration of Vision Value's claim for recovery on the injunction bond is premature absent a final judgment in its favor, <u>Old Town Neighborhood Assoc. v. Kauffman</u>, No. 1:02-CV-1505, 2004 WL 2278748, at *5 (S.D. Ind. Aug. 20, 2004); <u>Sionix Corp. v. Moorehead</u>, 299 F. Supp. 2d 1082, 1086 (S.D. Cal. 2003), Vision Value's allegation that entry of the preliminary injunction was wrongful and it should be vacated is a claim that can be advanced at trial. The parties' disagreement about whether Vision Value "had the right all along to do what it was enjoined from doing," <u>Gametech Inter., Inc. v. Trend Gaming Sys., LLC</u>, No. CV-01-540, 2005 WL 1473982, at *3 (D. Ariz. June 21, 2005), establishes a controversy ripe for adjudication under Article III of the United States Constitution. Dr. Tavel's request for dismissal under Rule 12(b)(1) must be denied.

Dr. Tavel argues alternatively that the counterclaim should be dismissed under Federal Rule of Civil Procedure 12(b)(6) because Vision Value should have appealed entry of the preliminary injunction, but didn't; instead, Vision Value filed a counterclaim that, according to Dr. Tavel, "appears to be yet another attempt to attack the preliminary injunction." Memo., at 6. The parties' burdens under Rule 12(b)(6) differ from those imposed by Federal Rule of Civil Procedure 12(b)(1): a motion to dismiss under Rule 12(b)(1) challenges the court's subject matter jurisdiction and should be granted if the court lacks the statutory or constitutional power to adjudicate the case; in contrast, a motion under Rule 12(b)(6) is a challenge to the merits of the action, a determination of whether the facts alleged in the complaint state a claim upon which relief can be granted. <u>Bell v.</u>

3

Hood, 327 U.S. 678, 682 (1946). A motion to dismiss a counterclaim under Rule 12(b)(6) may be granted only if it appears beyond doubt that the defendant can prove no set of facts that would entitle it to relief. *See* Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Northern Trust Co. v. Peters, 69 F.3d 123, 129 (7th Cir. 1995). When a counterclaim is challenged under Rule 12(b)(6), the counterclaim's factual allegations are taken as true and viewed in the light most favorable to the defendant. *See* Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); Lee v. City of Chicago, 330 F.3d 456, 459 (7th Cir. 2003).

Vision Value claims that the November 2007 injunction was wrongful and the company has been damaged as a result of being enjoined from using the term "Vision Value." The court can't say that there is no set of facts consistent with the allegations of the counterclaim that would entitle Vision Value to the relief sought.[1] *Cf.* Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (*citing* Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Hunt-Golliday v. Metropolitan Water Reclamation Dist. of Greater Chicago, 390 F.3d 1032, 1034 (7th Cir. 2004). Dr.

---

[1] Vision Value seeks recovery of its damages, interest, costs, and attorney's fees, but recovery of attorney's fees on an injunction bond issued in federal is unavailable and the amount of the bond is the ceiling on the damages that may be recovered. *See* Mead Johnson & Co. v. Abbott Labs., 209 F.3d 1032, 1033 (7th Cir. 2000) ("if the injunction is reversed, compensation for harm caused by the injunction cannot exceed the amount of the bond"); Minnesota Power & Light Co. v. Hockett, 105 F. Supp. 2d 939, 941 (S.D. Ind. 1999)("[T]he right to recover in federal court for wrongful injunction by a federal court is governed by federal, not state, law."), *aff'd by* Minnesota Power & Light Co. v. Hockett, 14 Fed. App'x 703, 707 (7th Cir. 2001) ("Determining the scope of the phrase 'costs and damages' [in Rule 65(c)] is a federal question . . . [a]nd this court has interpreted this 'costs and damages' to not include attorneys' fees. Since the Indiana courts have reached the contrary conclusion and determined that attorneys' fees are recoverable under an injunction bond, there is a direct collision between the Federal Rule and state law, and we must apply the federal rule.").

Tavel's request for dismissal of Vision Value's counterclaim pursuant to Rule 12(b)(6) for failure to state a claim will be denied.

Recognizing that a determination of Vision Value's claim for damages on the injunction bond must be stayed pending entry of a final judgment, *see* American Bible Soc. v. Blount, 446 F.2d 588, 594-595 (3d Cir. 1971) ("No liability can arise on an injunction bond unless there is a final judgment in favor of the party enjoined."); Pro Edge L.P. v. Gue, 451 F. Supp. 2d 1026, 1030 (N.D. Iowa 2006) ("The entitlement to recover against the bond generally depends upon whether it is ultimately determined that the enjoined party in fact had the right all along to pursue the enjoined conduct."); Meeker v. Stuart, 188 F. Supp. 272, 276 (D.D.C. 1960) ("As to damages on the injunction bond, it is well established that there can be no recovery of damages caused by a preliminary injunction, even if the injunction is set aside, unless final judgment after trial is in favor of the party that has been enjoined."), the court DENIES Dr. Tavel's motion to dismiss Vision Value's counterclaim [docket # 62].

SO ORDERED.

ENTERED:   June 10, 2008

/s/ Robert L. Miller, Jr.
Chief Judge
United States District Court