UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| VISION CENTER NORTHWEST INC., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CAUSE NO. 3:07-CV-183 RLM |
| VISION VALUE LLC, | ) ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

On June 24, 2008, Plaintiff, Vision Center Northwest Inc. ("VCN"), filed a combined motion for sanctions, motion to compel attendance at depositions, and motion for expedited ruling. This Court construes this filing as a single motion for sanctions. On July 11, 2008, Defendant Vision Value LLC ("Vision Value") filed a response, opposing VCN's motion. On August 1, 2008, VCN filed a reply. On August 29, 2008, parties filed a joint motion to extend discovery deadlines. For the reasons stated below, VCN's motion for sanctions is **GRANTED** [Doc. No. 82]; and parties' joint motion for extension of discovery deadlines is also **GRANTED** [Doc. No. 91].

**I.  PRELIMINARY MATTERS**

VCN's combined motion does not comply with N.D.L.R. 7.1(b). Under N.D.L.R. 7.1(b), each motion shall be separate. Plaintiff appears to seek both a motion to compel and a motion for sanctions in one motion. However, after considering the substance of Plaintiff's filing, this Court interprets Plaintiff's filings as only one motion for sanctions.

**II.  PROCEDURE**

On April 19, 2007, Plaintiff VCN filed its complaint in this Court alleging that Defendant Vision Value had committed, among other things, federal trademark violations. On June 24, 2008, VCN filed a combined motion for sanctions, motion to compel attendance at depositions, and motion for expedited ruling. VCN seeks costs and attorneys fees imposed against Vision Value under F.R.C.P 37(d) for Vision Value's failure to produce Marco Musa and Heather Zifrony at a Florida deposition on June 20, 2008. On July 11, 2008, Vision Valued filed a response, and on August 1, 2008, VCN filed a reply. On August 29, 2008, the parties filed a joint motion to extend discovery deadlines. This Court may rule on these motions pursuant to its referral order and 28 U.S.C. § 636(b)(1)(A).

### III. ANALYSIS

#### A. Facts

Vision Value is a three person LLC in which Marco Musa is a 87.5% owner and Heather Zifrony is a 2.5 % owner. (Doc. No. 82-3). On May 2, 2008, VCN's counsel e-mailed Vision Value's Indiana counsel, requesting dates to depose Marco Musa and Heather Zifrony. (Doc. No. 82-2). On May 6, 2008, Vision Value's Indiana counsel responded with dates (Doc. No. 82-4); but, on May 8, 2008, he briefly stated, "I don't know when Marco and Heather are available to be deposed, as I don't represent them." (Doc. No. 82-5).

On May 12, 2008, counsel for VCN served notices of deposition and subpoenas at Vision Value's corporate headquarters and received return receipts. (Docs. Nos. 82-7 and 82-8). In addition, counsel for VCN sent identical copies to Vision Value's Indiana counsel and Vision

Value's purported Florida counsel, Matthew Zifrony.[1] (Docs. Nos. 82-7 and 82-9). On June 16, 2008, Vision Value's Indiana counsel acknowledged the June 20th depositions, requested exhibits, and arranged to appear telephonically. (Docs. Nos. 82-12 and 82-13). On June 19, 2008, counsel for VCN flew to Fort Lauderdale, Florida to attend the deposition. (Plaintiff's Brief at 3).

On June 20, 2008, counsel for VCN arrived at the scheduled deposition, but Marco Musa and Heather Zifrony did not appear. (Plaintiff's Brief at 4; Doc. No. 82-15). Immediately, counsel for Vision Value contacted Matthew Zifrony, who, for the first time, informed counsel that Marco Musa and Heather Zifrony would not be attending the deposition. (Plaintiff's Brief at 4). When asked whether Matthew Zifrony had discussed this with Vision Value's Indiana counsel in advance of the deposition, Matthew Zifrony claimed that his prior conversations were privileged. (Id.). Counsel for Vision Value did not file any formal objections in advance of the scheduled deposition and did not attempt to inform VCN's counsel that Marco Musa and Heather Zifrony would not be in attendance.

B. VCN's Motion for Sanctions

Federal Rule of Civil Procedure 37(d)(1)(A) states, in part,

> The court . . . on motion, order sanctions if: (i) a party or a party's officer, director, or managing agent . . . fails, after being served with proper notice, to appear for that person's deposition . . ."

---

[1] In his brief, counsel for VCN identifies Matthew Zifrony as Vision Value's Florida counsel and husband to would-be-deponent Heather Zifrony. Although Matthew Zifrony has not made an appearance in this action, Indiana counsel for Vision Value does not dispute that Mr. Zifrony represents Vision Value. In addition, other evidence suggests that Mr. Zifrony played an active role in this case. For instance, counsel for VCN submitted evidence that Matthew Zifrony's office returned a subpoena receipt for Marco Musa but not for Heather Zifrony, his wife. (Doc. No. 82-10). Further, VCN's counsel notes that, on the day of the deposition, Matthew Zifrony expressed knowledge of the scheduled deposition, the whereabouts of Marco Musa and Heather Zifrony, and the reasons for their non-attendance. (Doc. No. 82 at 4).

3

Fed. R. Civ. P. 37(d)(1)(A)(i). See also Taneff v. Calumet Twp., 2008 WL 3992701, at *2-3 (N.D.Ind. 2008). Additionally, Federal Rule of Civil Procedure 37(d)(3) provides,

> [T]he court *must* require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or that other circumstances make an award of expenses unjust."

Fed. R. Civ P. 37(d)(3) (emphasis added). See also KnowledgeA-Z, Inc. v. Jim Walter Res., Inc., 2008 WL 2600167, at *1 (S.D.Ind. 2007); Precisionflow Tech., Inc., v. CVD Equip. Corp., 140 F.Supp.2d 195, 198 (N.D.N.Y. 2001).

1. Managing Agent

Under Fed. R. Civ. P. 30(b)(1) a corporate officer, director, or managing agent may be compelled to give testimony pursuant to a notice of deposition; however, a corporate employee who does not meet one of the aforementioned categories is not subject to deposition by notice and must be subpoenaed pursuant to Fed. R. Civ. P. 45. See KnowledgeA-Z, Inc., 2008 WL 260016, at *2; Dubai Islamic Bank v. Citibank, N.A., 2002 WL 1159699, at *2 (S.D.N.Y. 2002). It is the burden of the party asserting "managing agent" status, in this case Vision Value, to establish that the deponent is properly characterized as such. Murata Mfg. Co., Ltd. v. Bel Fuse, Inc., 242 F.R.D. 470, 476 (N.D.Ill. 2007).

VCN's counsel served subpoenas on Marco Musa and Heather Zifrony at Vision Value's corporate headquarters and at Vision Value's counsel in Florida and received return receipts on all but one of the mailed subpoenas. VCN's counsel also served notice and copies of the subpoenas on Vision Value's Indiana counsel. VCN's counsel and Vision Value's Indiana counsel had several email communications in preparation for the depositions, and Matthew Zifrony, Vision Value's Florida counsel, expressed personal knowledge of the scheduled

4

deposition. Consequently, this Court finds that Vision Value either knew or should have known that Marco Musa and Heather Zifrony's depositions were scheduled to take place on June 20, 2008; and, as a result, Vision Value received proper notice of the deposition.

Vision Value argues, however, that regardless of whether notice was proper, Marco Musa and Heather Zifrony are not "managing agents" of Vision Value and, as such, their depositions must be made pursuant to the subpoena requirements of Fed. R. Civ. P. 45 rather than by notice under Fed. R. Civ. P. 37(d). Accordingly, Vision Value maintains that it had no responsibility to present either Marco Musa or Heather Zifrony at the scheduled deposition, even though counsel for Vision Value was aware of it. Further, Vision Value argues that, because subpoenas were sent to Vision Value's Indiana and Florida counsel and Vision Value's corporate headquarters rather than to Marco Musa and Heather Zifrony individually, service was improper.

More specifically, Vision Value contends that, although Marco Musa is a 87.5 % shareholder, Marco Musa is nothing more than a "silent investor." As such, Vision Value asserts that Marco Musa can not be a managing agent because he does not exercise control over the day-to-day activities of Vision Value. In contrast, VCN argues that Marco Musa played a much more active role in the managing affairs of Vision Value, and, in particular, in choosing the name at the heart of this trademark dispute. Consequently, VCN maintains that Marco Musa was a "managing agent," and that notice was all that was required to secure his deposition.

Vision Value's narrow definition of "managing agent" misstates the test for determining managing agent status. Generally, courts have interpreted the term "managing agent" to include present employees with control or authority over day-to-day business decisions of the corporation. Id. However, courts consider multiple factors when determining whether an individual is a managing agent, including: (1) whether he has general powers allowing him to

5

exercise judgment and discretion in corporate matters; (2) whether he can be relied on to testify, at the corporation's request, in response to the discovery proponent's demands; (3) whether there are any other employees who have more authority than the individual in regard to information concerning the subject matter at issue in the case; (4) his general responsibilities respecting the matters involved in this litigation; and (5) whether he can be expected to identify with the interests of the corporation. Id. No single factor is conclusive, and courts typically focus on the degree of control the individual has over the corporate affairs at issue.[2] Id.

VCN submitted evidence which raises the inference that Marco Musa held greater decision-making influence than Vision Value suggests. In its response to interrogatories, Vision Value listed Marco Musa as the "managing member" of the three-person LLC. (Doc. No. 82-3 at 6-7). Further, a series of emails between Marco Musa and Vision Value's co-owner, Daniel Stanton ("Stanton"), reveals that Marco Musa had an influential role in coordinating the opening of new stores and assisting with staffing decisions. (Doc No. 90-2 at 2-3). Additionally, Stanton asserted in his deposition that Marco Musa played a prominent role in selecting the store name, which is the central focus of this trademark dispute. (Stanton Deposition, Doc. 90-3). All of this leads the Court to conclude that Marco Musa is properly characterized as a managing agent of Vision Value, subject to the notice rules of Fed. R. Civ. P. 37.

VCN additionally argues that Heather Zifrony is also a managing member of Vision Value because she is a 2.5% shareholder of Vision Value. However, in contrast to the evidence

---

[2] Courts in other districts have described the test as fact-sensitive, focusing primarily on the functional relationships between the party and the deponent witness. See Dubai Islamic Bank v. Citibank, N.A., 2002 WL 1159699, at *2-4 (S.D.N.Y. 2002); Libbey Glass, Inc. v. Oneida, Ltd., 197 F.R.D. 342, 350-51 (N. D.Ohio 1999) (noting that a formal association between the deponent and the party corporation is not required to establish "managing agent" status); Calgene, Inc. v. Enzo Biochem, Inc., 1993 WL 645999, at *8 (E.D.Cal. 1993) (finding a deponent who had power over the subject matter of the litigation to be a "managing agent")).

submitted regarding Marco Musa's involvement with Vision Value, VCN does not contend that Heather Zifrony provided business advice to Vision Value, suggesting that Heather Zifrony is not properly characterized as a managing member. Accordingly, the issue regarding whether service was proper as to Heather Zifrony is less clear.

However, this Court does not need to resolve this issue to determine whether sanctions are appropriate in the immediate case. Having concluded that Marco Musa was a managing agent of Vision Value, notice of deposition, as to him, was proper. As such, counsel for Vision Value had a responsibility to either produce Marco Musa at the June 20th deposition or file a protective order or objection prior to the deposition going forward. Because counsel for Vision Value failed to do either and Marco Musa failed to appear, counsel for VCN incurred substantial expenses, regardless of Heather Zifrony's non-appearance.

  2. Estoppel

In addition, this Court also believes that Vision Value remained responsible for the appearance of Marco Musa and Heather Zifrony at the June 20th deposition, regardless of their status as managing agents, because Vision Value failed to timely object to the deposition. Courts in other districts have held that when a party has control over a non-party deponent or causes another party to detrimentally rely on that party to produce the deponent, that party may be sanctioned if the non-party deponent fails to appear. See Precisionflow Tech., Inc. v. CVD Equip. Corp., 140 F.Supp.2d 195, 199-200 (N.D.N.Y. 2001); In re Keystone Foods, Inc. v. Glenshaw Glass Co., 134 B.R. 828, 829-30 (Bankr. W.D. Pa. 1991).

In Precisionflow, a party did not object to notice until the day of deposition, despite having numerous prior conversations with the deposing party, claiming for the first time that the deponents were non-parties and required a subpoena to secure their attendance. Precision Flow,

140 F.Supp.2d at 199-200. Because the objecting party failed to articulate its objection sooner, causing the deposing party to incur substantial expense, the court awarded sanctions against them. Id. (stating "the nonappearance of the eight employees could have been resolved between the parties . . . if [the objecting party] and its counsel had explained the circumstances with even a minimal degree of truthfulness."). See also In re Keystone Foods, Inc., 134 B.R. at 830 (stating "[objecting counsel] could have avoided the responsibility simply by responding . . . and telling Defendant to serve a subpoena on [the deponent], or advising simply that [the deponent] is not under [objecting counsel's] control.").

Similarly, VCN's counsel and Vision Value's Indiana counsel had several email conversations in preparation for the June 20th deposition. Although Vision Value's Indiana counsel minimally indicated that he did not represent Marco Musa or Heather Zifrony, he did not make clear that Mr. Musa or Mrs. Zifrony were not represented by Vision Value. Further, despite weeks of advance communications, Vision Value's Indiana counsel did not indicate that Vision Value was not responsible for the appearance of the deponents because they were not "managing agents," nor did counsel file a protective order to prevent the deposition from going forward. In addition, neither Vision Value's Indiana counsel nor Matthew Zifrony made any formal objection that notice was improper or service of the subpoenas was insufficient, despite having received notice and subpoenas five weeks in advance. Indeed, all of Vision Value's arguments against the scheduled depositions have surfaced, for the first time, in response to the immediate motion, long after VCN's counsel had incurred considerable expense.

In addition, this Court is suspicious of the manner in which Matthew Zifrony, purported to be Vision Value's Florida counsel, informed VCN's counsel that the deponents would not be attending the scheduled deposition. On the day of the deposition, Matthew Zifrony expressed

knowledge of the scheduled deposition, the location of the deponents, and the purported reasons for their non-attendance. However, despite having received the subpoenas five weeks in advance, Matthew Zifrony chose not to inform VCN's counsel that neither Marco Musa nor Heather Zifrony planned on attending until VCN's counsel called him from an empty deposition room in Florida. Further, when VCN's counsel inquired whether Matthew Zifrony had discussed the non-appearance of the deponents with Vision Value's Indiana counsel prior to the date of deposition, Matthew Zifrony demurred, claiming privilege.

Such conduct suggests, at a minimum, a lack of cooperation by Vision Value's counsel and, at worst, a deliberate intention to frustrate VCN's attempts to depose Marco Musa and Heather Zifrony. This is conduct well below the standard this Court expects of counsel. Although litigation is adversarial, this Court expects counsel to litigate in a candid, forthright, and collegial manner. Counsel is not to engage in a game of cat-and-mouse or hide-and-seek the deponent. This Court finds that, as a result of the actions of Vision Value's counsel, VCN's counsel was reasonably led to believe that he had properly secured the depositions of Marco Musa and Heather Zifrony via the notice requirements of Fed. R. Civ. P. 37(d).

Vision Value can not "hide the ball" in regards to its objections, causing VCN's counsel to incur considerable expense, and then later assert them after-the-fact as a defense to VCN's motions for sanctions. Allowing such a tactic would be fundamentally unjust and would frustrate the intention of the rule. See Fed. R. Civ. P. 1 ("[These rules] should be construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding."). Instead, Vision Value's Indiana counsel is faulted for failing to communicate its objections in advance of the deposition, despite having numerous opportunities to do so.

Consequently, this Court finds the actions of Vision Value's Indiana counsel sanctionable. Accordingly, VCN's motion for sanctions is **GRANTED**. [Doc. No. 82].

        3.      Sanctions

VCN's counsel has submitted an affidavit with his motion, establishing his fees and expenses at $12,774.75. [Doc. No. 82-16]. However, the affidavit fails to distinguish between travel expenses and attorney fees incurred in preparation for the deposition, during travel, and in preparation of this motion. Accordingly, this Court can not determine whether VCN's request is reasonable at this time. As such, counsel for VCN is **ORDERED** to submit a bill of costs, clearly delineating his expenses and fees, by **September 27, 2008**. Counsel for Vision Value will then have **10** (ten) days to file an objection. This Court will then enter an order awarding the appropriate amount of costs.

        C.      Ancillary Motions

VCN has additionally requested that Marco Musa and Heather Zifrony be compelled to appear at a deposition in Indiana. However, this Court does not believe that the deponents should bear the costs of the attorneys' failure to cooperate, especially given the expense required for the deponents to travel to Indiana. Instead, counsel for VCN and Vision Value are **ORDERED** to confer regarding an appropriate date, time, and place to take Marco Musa and Heather Zifrony's depositions in Florida, at the earliest opportunity.

Further, in order to facilitate the aforementioned depositions, the parties' joint motion to extend time to complete discovery is **GRANTED**. [Doc. No. 91]. Parties are given until October 31, 2008, forty-five additional days, to complete the depositions of Marco Musa and Heather Zifrony.

**IV.**    **CONCLUSION**

For the reasons stated, VCN's motion for sanctions is **GRANTED** [Doc. No. 82], and parties joint motion to extend discovery deadlines is also **GRANTED** [Doc. No. 91].

**SO ORDERED.**

Dated this 15th Day of September, 2008.

S/Christopher A. Nuechterlein  
Christopher A. Nuechterlein  
United States Magistrate Judge