UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| VISION CENTER NORTHWEST INC., | ) |  |
|---|---|---|
| Plaintiff, | ) ) ) |  |
| v. | ) ) | CAUSE NO. 3:07-CV-183 RLM |
| VISION VALUE LLC, | ) ) ) |  |
| Defendant. | ) |  |

**OPINION AND ORDER**

On September 15, 2008, this Court granted Plaintiff's, Vision Center Northwest Inc. ("VCN"), motion for sanctions for Vision Value's failure to produce Marco Musa and Heather Zifrony at a Florida deposition on June 20, 2008. This Court permitted VCN to submit a bill of costs by September 27, 2008. On September 16, 2008, VCN filed its bill of costs in the amount of $11,300.75. On September 29, 2008, Defendant Vision Value LLC ("Vision Value") filed an objection to VCN's submission.

A party seeking attorney's fees bears the burden of demonstrating that its fee request is reasonable. See Hensley v. Eckerhart, 461 U.S. 424, 437 (1983). According to Hensley, the starting point for determining the amount of a reasonable fee is to determine the number of hours reasonably expended on the litigation and then multiple that figure by a reasonable hourly rate. A district court should exclude from a bill of costs hours that were not "reasonably expended." Hensley, 461 U.S. at 434. Hours that are excessive, redundant, or otherwise unnecessary should be excluded. Id. This Court presumes that the prevailing party is entitled to costs, and the losing party has the burden of establishing that the assessed costs are not appropriate. See Beamon v. Marshall & Ilsley Trust Co., 411 F.3d 854, 864 (7th Cir. 2005).

**I.     Analysis**

   A.     Reasonable Rate

The party seeking a fee award has the burden of proving its attorney's reasonable hourly or market rate. See Mathur v. Bd. of Tr. of S. Ill. Univ., 317 F.3d 738, 742 (7th Cir. 2003). Where an attorney does not produce evidence of his actual billing rate, then the court should consider "the next best evidence," which is evidence of the rates that attorneys of similar experience and ability in the community charge paying clients for similar work. Id. at 743-44.

Vision Value notes that VCN failed to identify its claimed hourly rate in its bill of costs. In addition, Vision Value points out that VCN failed to provide evidence of prevailing hourly rates in the South Bend area for the attorneys providing comparable services. As such, Vision Value suggest that this Court approve fees at the lowest local rate, $125.00 per hour. While this Court agrees that VCN's bill of costs could have been more clear, a simple calculation reveals that VCN claims attorney fees of $190.00 per hour. Even without comparative evidence, this Court believes that this relatively modest rate is not *per se* unreasonable.

   B.     Undisputed Travel Expenses

Vision Value does not dispute VCN's claimed travel expenses in the amount of $723.75. Accordingly, this Court approves these costs as reasonable.

   C.     Costs Incurred Preparing for the Deposition

In its bill of costs, VCN claims seventeen hours of attorney time in preparation for the Florida deposition. Vision Value argues that VCN's preparation was not wasted, as the depositions were later held on September 26, 2008. See Doc. No. 97-2 & Doc. No. 100. In addition, Vision Value argues that seventeen hours of preparation time is excessive, especially

given that the depositions only lasted three-and-one-half hours. Id. In support, Vision Value cites several district court cases which capped preparation time at a ratio of one to one-and-a-half hours of preparation time for each hour of deposition time. See Collins v. Vill. of Woodridge, 197 F.R.D. 354, 358 (N.D.Ill. 1999) (ratio of one and one half times the length of the deposition was reasonable preparation time; three-to-one ratio was not). This Court cannot determine whether seventeen hours of preparation time was excessive in light of the immediate deposition. However, this Court agrees with Vision Value that any time spent in preparation for the deposition was not wasted as the deposition was eventually rescheduled. As such, VCN would have incurred the preparation expense regardless of Vision Value's failure to produce the deponents at the originally scheduled deposition. See Hensley, 461 U.S. at 434. ("Hours that are . . . redundant . . . or otherwise unnecessary should be excluded."). Accordingly, this Court reduces VCN's hours of recoverable preparation time to six hours, adjusting VCN's bill of costs to fit a ratio of approximately 1.5:1.

    D.    <u>Costs Incurred Traveling to the Florida Deposition</u>

VCN additionally claims sixteen hours of attorney's fees for travel to the Florida deposition. Vision Value does not argue that the number of hours claimed by VCN is excessive or duplicative. Rather, Vision Value argues that VCN's fees for travel time should be reduced to one-half of counsel's regular billing rate. Vision Value cites several cases which support its position. See e.g. Barfield v. N.Y. City Health & Hosps. Corp., 537 F.3d 132, 139 (2d Cir. 2008) (affirming the District Court award of travel time by counsel at half-rate, in accordance with "established court custom"); In re Bennett Funding Group, Inc., 213 B.R. 234, 251 (Bankr. N.D.N.Y. 1997) (explaining that "travel time will be compensable at one-half normal rates

3

unless the Court is satisfied that work was performed during travel"); In re Unger & Assocs., Inc., 277 B.R. 694, 698 (Bankr. E.D.Tex. 2001) (explaining that the customary practice is to bill travel time at half of the hourly rate). This Court agrees that, in the absence of evidence that work was performed during VCN's travel, the billable rate of VCN's travel time should be reduced to fifty percent.

  E. Costs Incurred Preparing Motion to Compel

VCN claims 6.3 hours of attorney time in connection with its June 24, 2008 Motion for Sanctions. Extracting excerpts from this Court's previous order, Vision Value attempts to characterize VCN's motion for sanctions as defective. In doing so, Vision Value seeks to justify a reduction in the costs associated with the motion. However, this Court does not find Vision Value's arguments persuasive enough to justify an adjustment in this circumstance.

  F. Costs Incurred Preparing Reply Brief

VCN claims 13.6 hours of attorney time and 3.2 hours of summer associate time in preparation of its reply brief. Vision Value claims that the attorney time is excessive. Vision Value argues that both the original motion and the reply brief were the same length and, therefore, should not have taken twice as long to prepare. This Court agrees and reduces the amount of attorney time by one-half.

In addition, Vision Value argues that the summer associate time is not billable because it is "not attorney time." This Court does not agree with Vision Value in this regard. Vision Value cites no authority for its position; and, by analogy, courts routinely include paralegal time when approving bills of costs. Indeed, the time spent by summer associates in preparation of the reply brief likely served to reduce attorney time, which would have been billed at a higher rate.

4

Further, because Vision Value raises no objection to the rate at which VCN billed summer associate time, approximately $110.00 per hour,[1] this Court presumes that the rate is reasonable. Accordingly, this Court affirms 6.8 hours of attorney time and 3.2 hours of summer associate time in preparation of the reply brief.

  G. <u>Costs Incurred Preparing Bill of Costs</u>

Finally, VCN claims 0.9 hours of attorney's fees in preparation of this bill of costs. Vision Value argues that this time is duplicative because the substance of VCN's bill of costs was taken in large part from VCN's motion for Sanctions. Having already affirmed costs relating to VCN's motion for sanctions, this Court agrees with Vision Value that permitting recovery for time spent in preparation for its bill of costs would be duplicative.

In addition, this Court notes that VCN's bill of costs was largely deficient in outlining specific rates and expenses, despite this Court's previous order to resubmit a bill of costs "clearly delineating [counsel's] expenses and fees." <u>See</u> Doc. No. 93 at 10. As a result, this Court has had to rely on its own discretion to determine whether VCN's claims are reasonable. Consequently, this Court finds that approving fees relating to VCN's bill of costs is not justified.

**II.** **Conclusion**

Accordingly, this Court **APPROVES IN PART** Plaintiff's bill of costs. Plaintiff's bill of costs shall be adjusted accordingly:

---

[1] This Court notes that VCN's bill of costs could have been more clear as to this rate as well. However, this Court was able to determine a rate of approximately $110.00 per hour for summer associate time after subtracting the claimed attorney's fees from the total amount claimed. ($2,939.00 - $2,584.00 (13.6 hours x 190.00) = $355); ($355.00 / 3.2 hours = $110.00 per hour).

| | | | |
|---|---|---|---|
| Travel Expenses | approved in full | = | $723.75 |
| Deposition Prep. | 6.0 hours x $190.00 | = | $1,140.00 |
| Travel Time | 17.0 hours x $95.00 | = | $1,615.00 |
| M. for Sanctions | approved in full | = | $1,197.00 |
| Reply Brief | 6.8 hours x 190.00 | = | $1,292.00 |
| | 3.2 hours x 110.00 | = | $352.00 |
| Bill of Costs | no award | = | $0.0 |
| | | Total Award = | $6,319.75 |

Thus, this Court approves a new bill of costs totaling $6,319.75. Vision Value's Indiana counsel is **ORDERED** to pay VCN **$6,319.75** for its costs associated with preparing for and appearing at the June 20, 2008 deposition.[2]

**SO ORDERED**.

Dated this 7th Day of October, 2008.

                                                           s/Christopher A. Nuechterlein
                                                           Christopher A. Nuechterlein
                                                           United States Magistrate Judge

---

[2] The reasons for awarding costs are primarily allocated to Vision Value's Indiana counsel. In this Court's October 15, 2008 order, this Court found that counsel was responsible for failing to produce the deponents and for failing to timely object to VCN's service and notice of deposition. Clearly, these faults were attributable to counsel more than Vision Value itself.