UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| VISION CENTER NORTHWEST, INC., d/b/a Vision Values by Dr. Tavel, | )<br>)<br>) |
| Plaintiff | ) |
| v. | ) CAUSE NO. 3:07-CV-183 RM |
| VISION VALUE, LLC, d/b/a Eyeglass Express, | )<br>) |
| Defendant | ) |

## OPINION and ORDER

This cause is before the court on the objections of Vision Value, LLC to Magistrate Judge Christopher A. Nuechterlein's September 15, 2008 Opinion and Order granting the motion of Vision Center Northwest ("Dr. Tavel") for discovery sanctions. Vision Value argues, pursuant to Federal Rule of Civil Procedure 72(a), that Magistrate Judge Nuechterlein improperly imposed sanctions relating to the non-appearance of Marco Musa and Heather Zifrony at their June 20 depositions. According to Vision Value, the non-appearance of Mr. Musa and Ms. Zifrony resulted from actions and/or inactions of counsel for Dr. Tavel – the lack of service of subpoenas, improper subpoenas, and various "misunderstandings" between counsel – that justify vacating the imposition of sanctions on Vision Value.

Federal Rule of Civil Procedure 72(a) provides that once a timely objection to a magistrate judge's decision has been filed, a court may modify or reverse the magistrate judge's decision on a non-dispositive issue upon a showing that the magistrate judge's decision is clearly erroneous or contrary to law. *See* Hall v. Norfolk Southern Ry. Co., 469 F.3d 590, 594-595 (7th Cir. 2006) ("The Federal Rules of Civil Procedure provide that when parties object to a magistrate judge's order, district judges are to review nondispositive decisions for clear error and dispositive rulings de novo."). Under the clearly erroneous standard, the reviewing court can overturn a magistrate judge's ruling only if "left with the definite and firm conviction that a mistake has been made." Weeks v. Samsung Heavy Indus. Co., Ltd., 126 F.3d 926, 943 (7th Cir. 1997); *see also* F.T.C. v. Pacific First Benefit, LLC, 361 F. Supp. 2d 751, 754 (N.D. Ill. 2005) (magistrate judge's ruling should be set aside or modified only if it contains "some clearly apparent mistake"). If the case permits two permissible views, the magistrate judge's ruling should not be overturned solely because the reviewing court would have chosen the other view. Burns v. American United Life Ins. Co., No. 05-CV-466, 2006 WL 1004884, at *1 (S.D. Ill. Apr. 17, 2006).

Vision Value first says sanctions are improper under Federal Rule of Civil Procedure 37(a) because the company was never noticed for a deposition. Vision Value claims the deposition notices identified Mr. Musa and Ms. Zifrony individually, and defense counsel wasn't informed and had no idea that Mr. Musa and Ms. Zifrony were to be deposed as "officers, directors or managing agents"

who could be compelled to appear via notice of deposition under Rule 37. According to Vision Value, Dr. Tavel "never put [Vision Value] on notice that it considered the Musa Notice to be a 30(b)(6) deposition until it filed its motion for sanctions." Obj., at 7. Vision Value concludes that the award of sanctions to Dr. Tavel should vacated and, in fact, "if anyone should be sanctioned, it should be Plaintiff for never serving the subpoenas." Obj., at 10.

The court can't agree. The parties' submissions show that Dr. Tavel's counsel communicated with Vision Value's Indiana counsel before scheduling the depositions of Mr. Musa and Ms. Zifrony; served notices of deposition and subpoenas on Mr. Musa and Ms. Zifrony at Vision Value's Florida corporate headquarters; served copies of the deposition notices and subpoenas on Paul Overhauser, Vision Value's Indiana counsel, and Matthew Zifrony, Vision Value's Florida counsel (and Ms. Zifrony's husband); and received confirmation that Vision Value's Indiana and Florida counsel had personal knowledge of the scheduled depositions. Dr. Tavel's counsel's actions provide substantial support for Magistrate Judge Nuechterlein's conclusion that Vision Value "either knew or should have known that Marco Musa and Heather Zifrony's depositions were scheduled for take place on June 20, 2008; and, as a result, Vision Value received proper notice of the deposition." Opinion and Ord., at 4-5.

The record also contains substantial support for Magistrate Judge Nuechterlein's conclusion that Mr. Musa was a "managing agent" of Vision Value, including Mr. Musa's ownership of 87.5% of Vision Value; Vision Value's listing

of Mr. Musa as the "managing member" of the company in interrogatory responses; Vision Value e-mails revealing that Mr. Musa had an influential role in coordinating the opening of new stores and assisting with staff decisions; and Mr. Stanton's deposition testimony that Mr. Musa played a prominent role in selecting the store name, a central issue in this lawsuit. None of those facts arose or actions occurred after the June 20 date for depositions, refuting Vision Value's claim that Ms. Musa was characterized as a "managing agent" only after he failed to appear for the deposition.

Vision Value lastly says estoppel isn't a proper basis for imposing sanctions and claims the magistrate judge improperly concluded that because the company didn't object to the taking of the depositions, Vision Value remained responsible for the appearance of Mr. Musa and Ms. Zifrony. According to Vision Value, the company had no need to object to the depositions because defense counsel unambiguously informed Dr. Tavel's counsel that he didn't represent Mr. Musa or Ms. Zifrony and didn't know when they would be available to be deposed. Vision Value says the magistrate judge didn't make the requisite finding of fraud and unconscionable advantage required to support estoppel.

Again, the court can't agree. "Estoppel principles generally apply to all legal actions." Black v. TIC Investment Corp., 900 F.2d 112, 115 (7th Cir. 1990). Estoppel requires a showing of reliance on an adversary's conduct "in such a manner as to change [a party's] position for the worse." Heckler v. Community Health Servs., Inc., 467 U.S. 51, 59 (1984); *see also* Zoller v. Zoller, 858 N.E.2d

4

124, 127 (Ind. Ct. App. 2006) ("All forms of estoppel are based upon the same underlying concept: a person who, by deed or conduct, has induced another to act in a particular manner will not be permitted to adopt an inconsistent position, attitude, or course of conduct that causes injury to the other."). Dr. Tavel made such a showing, and the court finds no mistake or error in Magistrate Judge Nuechterlein's finding that Vision Value's conduct "suggests, at a minimum, a lack of cooperation by [its] counsel and, at worst, a deliberate intention to frustrate [Dr. Tavel's] attempts to depose Marco Musa and Heahter Zifrony[,] . . . conduct well below the standard this court expects of counsel." Opinion and Ord., at 9.

Federal Rule of Civil Procedure 37(d) provides in pertinent part that "[i]f a party or an officer, director, or managing agent of a party . . . fails to appear before the officer who is to take the deposition, after being served with a proper notice . . . the court shall require the party failing to act or the attorney advising that party or both to pay the reasonable expenses, including attorney's fees, caused by the failure unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust." The record of events relating to the scheduling of the June 20 Musa and Zifrony depositions reveals Vision Value's claim that it had no obligation to work with Dr. Tavel's counsel or seek a protective order to prevent those depositions to be disingenuous. Vision Value's actions and/or inactions relating to the June 20 depositions weren't

5

substantially justified, and Vision Value has presented no other circumstances that would make an award of expenses unjust.

Based on the foregoing, the court concludes that Magistrate Judge Nuechterlein's imposition of sanctions on Vision Value is neither clearly erroneous nor contrary to law. Vision Value's objections [docket # 98] are OVERRULED and the Magistrate Judge's September 15, 2008 Opinion and Order [docket # 93] is AFFIRMED in its entirety.

SO ORDERED.

ENTERED:   October 21, 2008

　　　　　　　　　　　　　　　  /s/ Robert L. Miller, Jr.
　　　　　　　　　　　　　　　Chief Judge
　　　　　　　　　　　　　　　United States District Court