UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| VISION CENTER NORTHWEST INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 3:07-CV-183 RLM |
| | ) | |
| VISION VALUE LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

On September 30, 2008, Defendant, Vision Value LLC ("Vision Value"), filed a third

motion to extend the deadline to file its expert report. See Doc. No. 99. In that motion, Vision

Value alleged that Plaintiff, Vision Center Northwest Inc. ("VCN"), was withholding documents,

necessitating additional time to allow Vision Value to either resolve the dispute or file a motion

to compel. In addition, Vision Value alleged that its experts needed more time to evaluate any

new information. On October 22, 2008, prior to the close of discovery, this Court granted Vision

Value's motion, extending the deadline to file its expert report to November 14, 2008. See Doc,

No 103.

On October 31, 2008, the deadline for completing all discovery passed. See Doc No. 93.

Further, on November 14, 2008, this Court's extended period to disclose expert reports also

passed. Despite these deadlines, Vision Value filed neither a motion to extend discovery nor a

motion to compel the documents that Vision Value claimed had been withheld.

Instead, on November 14, 2008, Vision Value filed a fourth motion for extension of time

to serve its expert report, articulating nearly identical arguments and claims for relief as its prior

motion. For example, Vision Value repeated its previous argument that VCN was improperly

withholding documents.  Additionally, Vision Value requested an additional two to four months to file a motion to compel and allow its experts to evaluate the new information.  Vision Value did not articulate why it failed to act within the previous deadlines, but claimed that its prior suspicions regarding the withheld documents were "confirmed" on the final day of the extended discovery period.

Given the asserted reason for Vision Value's previous motion to extend the deadline, this Court finds it difficult to believe that Vision Value has been prejudiced by a recent, "surprise" disclosure regarding allegedly withheld documents.[1]  Further, Vision Value's motion appears to belatedly seek an extension of discovery rather than a timely extension of time to file its expert report.  For instance, a closer look at Vision Value's motion reveals that Vision Value does not point to any specific admission by VCN that VCN improperly withheld documents.  Instead, Vision Value's motion simply highlights deposition testimony addressing documents to which Vision Value now claims an entitlement.  Indeed, Vision Value argues that it needs more time to file a motion to compel to better formulate its arguments regarding such entitlement.  However, such a request is untimely, as the period for discovery passed two weeks prior to the filing of Vision Value's immediate motion.

Because Vision Value failed to act within the previously extended window of discovery and otherwise failed to seek extended discovery within the time period, this Court **DENIES** Vision Value's motion.  [Doc. No. 105].

**SO ORDERED.**

Dated this 18th day of November, 2008.

---

[1] This Court does not address the merits of Vision Value's argument regarding whether VCN actually withheld the documents as alleged, given this Court's finding that Vision Value's motion is untimely filed.

s/Christopher A. Nuechterlein
United States District Court
Northern District of Indiana