UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| VISION CENTER NORTHWEST, INC., d/b/a Vision Values by Dr. Tavel, | )<br>)<br>) |
| Plaintiff | )<br>) |
| v. | ) CAUSE NO. 3:07-CV-183RM<br>)<br>) |
| VISION VALUE, LLC, d/b/a Eyeglass Express, | )<br>)<br>) |
| Defendant | ) |

OPINION and ORDER

Several motions pend in this action: Vision Value's motion to reconsider the denial of its motion for additional time to file its expert report; Dr. Tavel's motion to require counsel for Vision Value to pay previously awarded discovery sanctions; Vision Value's motion to compel and for sanctions; and Dr. Tavel's motion for additional time to respond to the motion to compel. The motions will be addressed separately below.

*Motion to Reconsider*

Vision Value seeks reconsideration of Magistrate Judge Christopher A. Nuechterlein's November 18, 2008 Opinion and Order denying the company's motion for an enlargement of time to serve its expert report. The Federal Magistrate's Act provides two standards for judicial review of a magistrate judge's

decision: "de novo" review of a magistrate judge's resolution of a dispositive matter, *see* 28 U.S.C. § 636(b)(1)(B), (C), and "clearly erroneous or contrary to law" review of the resolution of a nondispositive matter. 28 U.S.C. § 636(b)(1)(A); *accord* FED. R. CIV. P. 72(a), (b); *see also* Hall v. Norfolk Southern Ry. Co., 469 F.3d 590, 594-595 (7th Cir. 2006) ("The Federal Rules of Civil Procedure provide that when parties object to a magistrate judge's order, district judges are to review nondispositive decisions for clear error and dispositive rulings de novo."). Magistrate Judge Nuechterlein's decision to deny Vision Value's request for additional time to file its expert report is a nondispositive matter requiring review under the clearly erroneous standard. *See* Westefer v. Snyder, 472 F. Supp. 2d 1034, 1036 (S.D. Ill. 2006) ("In general, discovery orders are nondispositive within the meaning of Rule 72(a).").

"Clear error is an extremely deferential standard of review, and will only be found to exist where the 'reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" Pinkston v. Madry, 440 F.3d 879, 888 (7th Cir. 2006) (*quoting* Anderson v. City of Bessemer, 470 U.S. 564, 573 (1985)); *see also* F.T.C. v. Pacific First Benefit, LLC, 361 F. Supp. 2d 751, 754 (N.D. Ill. 2005) (magistrate judge's ruling should be set aside or modified only if it contains "some clearly apparent mistake"). A deferential standard of review is particularly appropriate when the magistrate judge "has managed the case from the outset and developed a thorough knowledge of the proceedings." Cooper Hosp./University Med. Ctr. v. Sullivan, 183 F.R.D. 119, 127

(D.N.J. 1998). The reviewing court isn't permitted to reverse the magistrate judge's decision simply because it would have come to a different conclusion. Pinkston v. Madry, 440 F.3d 879, 888 (7th Cir. 2006).

Vision Value first complains that the challenged order incorrectly cites the deadline for serving its expert report as November 14, when the deadline was November 15, and incorrectly characterizes the motion as one for an extension of the discovery deadline. Vision Value's November 14 motion was filed before the November 15 deadline and was the fourth such request for an extension of time to serve an expert report. The only new information contained in the November 14 motion was that Vision Value had, on the last day of discovery, taken depositions of plaintiff's personnel and those depositions had confirmed what Vision Value had suspected for months: that documents previously requested from Dr. Tavel were in the possession of the plaintiff or its counsel but had not been produced. Vision Value's November 14 request for additional time was based – like its prior motions filed on June 17 [docket # 79], July 23 [docket # 86], and September 30 [docket # 99] had been – on its assertion that documents that were the subject of discovery requests served on Dr. Tavel in May 2008 hadn't been received. The deadline for the completion of discovery in this action was October 31. Based on Vision Value's representation that, as of November 14, it was still trying to obtain discovery from the plaintiff, the court can't say the Magistrate Judge's suspicion that Vision Value's motion "appears to belatedly seek an extension of discovery" was clearly erroneous.

Vision Value also complains that the Magistrate Judge didn't properly consider that the plaintiff "did not permit Vision Value to take the critical depositions until the very last day of discovery," Mot. to Reconsider, at 6. Vision Value reported in its November 14 motion that the plaintiff "was unwilling to schedule the depositions sooner" than October 31, Mot. to Extend, at 2, and asserts in its motion to reconsider that the plaintiff "forced Vision Value to wait until the last day of discovery (October 31, 2008) to take those depositions." Mot. to Reconsider, at 1-2. Vision Value, though, produced no documentation in either of its motions relating to attempts to schedule the depositions or scheduling disputes between the parties that would support a finding of good cause for an extension of the expert report deadline. In fact, the Magistrate Judge found that Vision Value "did not articulate why it failed to act within the previous deadlines." The record doesn't support a finding that Vision Value's claim about the depositions was improperly ignored.

Vision Value lastly complains that the Magistrate Judge didn't consider that plaintiff's counsel was agreeable to "at least some additional extension of time." Mot. to Reconsider, at 6. An agreement by counsel to an extension of time, without a showing of good cause as required by Federal Rule of Civil Procedure 6(b)(1)(A), doesn't guarantee that the request for additional time will be granted, especially when, as here, opposing counsel agrees to "at least some" additional time but not to the length of time being requested. Vision Value hasn't established that it set forth good cause for its request.

Magistrate Judge Nuechterlein has been managing this litigation for more than a year, including considering and ruling on numerous motions to extend deadlines, motions to compel, a motion for a protective order, and a motion for sanctions. In the challenged order, the Magistrate Judge noted that Vision Value's motion was the company's fourth request for additional time based on complaints about discovery problems; he also noted that no motion to compel had been filed. The record supports the Magistrate Judge's conclusion that he found it "difficult to believe that Vision Value ha[d] been prejudiced by a recent, 'surprise' disclosure regarding allegedly withheld documents."

The court concludes the Magistrate Judge Nuechterlein didn't abuse his discretion or commit any error in his decision to deny Vision Value a fourth motion to extend time to file its expert report filed on the eve of the deadline. The court denies Vision Value's motion for reconsideration.

*Motion for Order to Pay Sanctions*

Sanctions were awarded to Dr. Tavel on September 15, 2008 based on the non-appearance of Marco Musa and Heather Zifrony at their June 20 depositions. Dr. Tavel's bill of costs was approved in part on October 7, and Vision Value's objections to the Magistrate Judge's imposition of sanctions were overruled on October 21. Dr. Tavel has filed a motion in which it reports that the sanctions haven't been paid and asks that counsel for Vision Value be required to pay the fees and costs awarded to Dr. Tavel. Vision Value says in response that the court

5

should hold this motion in abeyance pending ruling on the motion to compel and for sanctions or, in the alternative, allow the sanctions to be paid to the clerk of the court to be held until the judgment of this matter is final after appeal.

More than thirty days have passed since the sanction award became final. Counsel's claim that a future ruling on a not-yet ripe motion for sanctions might result in a "set-off" doesn't establish good cause for a further delay in payment of those sanctions; nor has counsel provided support for payment of the sanctions to the clerk of the court. Accordingly, Dr. Tavel's motion is granted and the court will order the sanctions to be paid within ten days of this date. *See* <u>Palmer v. City of Chicago</u>, 806 F.2d 1316, 1320 (7th Cir. 1986) ("A district court has the power to award fees before the entry of a final judgment, and this must mean – since the whole purpose of such an award is to enable the plaintiffs and their lawyers to see some cash before the entire litigation winds up – a power to order payment in advance of the final judgment." (citation omitted)).

*Motion to Compel and for Sanctions*

Vision Value has moved to compel and for sanctions, seeking to (1) compel Dr. Tavel to produce documents that Vision Value says were requested from, but not produced by, Dr. Tavel at various times between August 2007 and June 2008; (2) compel Dr. Tavel to produce a representative for a deposition pursuant to Federal Rule of Civil Procedure 30(b)(6) who is knowledgeable about the topics set forth in the notice of deposition served on the plaintiff; and (3) require Dr. Tavel

6

to pay the reasonable attorney fees and costs incurred by Vision Value in bringing its motion. Vision Value maintains its motion, filed on November 19, is timely, even though discovery closed October 31. Vision Value claims it couldn't challenge or verify representations by Dr. Tavel's counsel that the requested documents "did not exist" until it took the depositions of plaintiff's employees — depositions which, according to Vision Value, Dr. Tavel "refused to allow" to occur until October 31, the last day for discovery. Vision Value says the employees revealed in the depositions "that not only do requested documents exist, but that [Dr. Tavel's] counsel never even asked them to produce the requested documents." Memo., at 1. Vision Value says it received the necessary deposition transcripts on November 14 and filed its motion as expeditiously as possible thereafter.

Dr. Tavel responds that the motion to compel should be denied as untimely, *see* Resp. to Mot. to Reconsider, at 10-11, or, alternatively, asks for an extension of time to file a response brief "to and including 15 days after this court rules on the motion for reconsideration." Mot., at ¶ 8. In keeping with counsels' continuing pattern of non-cooperation in this action, Vision Value has objected to any additional response time.

The Federal Rules of Civil Procedure place no time limit on the outside date for the filing of a motion to compel discovery, although motions to compel filed after the close of discovery generally are deemed untimely. *See, e.g.,* Packman v. Chicago Tribune Co., 267 F.3d 628, 647 (7th Cir. 2001) (motion to compel filed after discovery closed and summary judgment motion was filed deemed untimely);

Rossetto v. Pabst Brewing Co., 217 F.3d 539, 542 (7th Cir. 2000) (motion to compel, filed two months after close of discovery with no excuse for its tardiness, denied as untimely). While "[c]ourts have a legitimate interest in ensuring that parties abide by scheduling orders to ensure prompt and orderly litigation," Campania Mgmt. Co., Inc. v. Rooks, Pitts & Poust, 290 F.3d 832, 851 (7th Cir. 2002), "[m]odern discovery practices seek to facilitate . . . open and even-handed development of relevant facts so that justice may be delivered on the merits and not shaped by surprise or like tactical stratagems." In re Sulfuric Acid Antitrust Litigation, 231 F.R.D. 331, 342 (N.D. Ill. 2005). Thus, the untimeliness of a motion "accompanied by a reasonable and persuasive justification for its untimeliness" may be excused. Fast Food Gourmet, Inc. v. Little Lady Foods, Inc., No. 05-C-6022, 2007 WL 1673563, at *3 (N.D. Ill. June 8, 2007); *see also* GSI Group, Inc. v. Sukup Mfg. Co., No. 05-3011, 2007 WL 1390611, at *2 (C.D. Ill. May 9, 2007) ("even an untimely filed motion to compel may still be allowed if the party demonstrates actual and substantial prejudice resulting from the denial of discovery").

Vision Value has alleged that documents were properly requested from Dr. Tavel but not produced; Vision Value asserts that those documents relate to customer confusion and damages, issues advanced in this action by Dr. Tavel; Vision Value has provided evidence of attempts to address and rectify the problem without court intervention; and Vision Value has set forth an excuse for its delay in bringing the motion sooner. Recognizing that "[i]n the normal course of events,

justice is dispensed by the hearing of cases on their merits," Musser v. Gentiva Health Services, 356 F.3d 751, 759 (7th Cir. 2004), the court won't summarily dismiss the motion to compel as untimely. Dr. Tavel's request for additional time to respond to the motion to compel will be granted, and a briefing schedule and hearing date for the motion is set forth below.

*Conclusion*

Based on the foregoing, the court

(1) OVERRULES Vision Value's objections to Magistrate Judge Nuechterlein's Opinion and Order of November 18, 2008 and DENIES its motion for reconsideration [docket # 111];

(2) GRANTS Dr. Tavel's motion to order payment of sanctions [docket # 107] and ORDERS counsel for Vision Value to pay the total amount of $6,319.75 to counsel for Dr. Tavel on or before December 22, 2008;

(3) GRANTS Dr. Tavel's motion for additional time [docket # 113] to respond to the motion to compel and AFFORDS Dr. Tavel to and including December 26, 2008 to file a response brief and Vision Value to and including January 2, 2009 to file a reply; and

(4) SCHEDULES a hearing on Vision Value's motion to compel and for sanctions on Friday, January 23, 2009, at 1:30 p.m. in the third floor courtroom.

9

The parties should be prepared to identify and specify the wording of specific document requests and responses at that hearing.

SO ORDERED.

ENTERED:   December 10, 2008  

                               /s/ Robert L. Miller, Jr.  
                             Chief Judge  
                             United States District Court

cc: Counsel of Record