UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

VISION CENTER NORTHWEST, LLC, )
d/b/a Vision Values by Dr. Tavel, )
)
        Plaintiff )
)
    vs. ) CAUSE NO. 3:07-CV-183 RM
)
VISION VALUE, LLC, )
)
        Defendant )

OPINION and ORDER

Having reviewed and considered the arguments raised by counsel in the motions to compel and in limine, in the response and reply briefs, and at the January 23 hearing on Vision Value's motions, the court grants in part and denies in part the motion to compel and grants the motion in limine.

*Motion to Compel*

1. The court DENIES Dr. Tavel's request to deny the motion to compel as untimely. As previously noted, the documents sought by Vision Value relate directly to the issues raised by Dr. Tavel in this litigation.

2. Vision Value's motion to compel [docket # 109] is GRANTED in part and DENIED in part in the following particulars:

    (a) the motion is granted as to documents and information not previously produced pursuant to Vision Value's Document Requests

36, 37, 45, 46, 56, and 57 relating to Dr. Tavel's stores that have used the relevant trademark(s) and Dr. Tavel's Elkhart store based on its proximity to Dr. Tavel's South Bend store and the South Bend market, and Dr. Tavel is directed to produce those documents within fifteen days of the date of this order;

(b) the motion is denied as to the documents and information sought in Document Requests 39 and 40;

(c) Vision Value's request that Dr. Tavel make a company representative available within thirty days to complete the Rule 30(b)(6) deposition is granted; and

(d) because Dr. Tavel's position was not substantially justified in its entirety and Vision Value made a good faith effort to obtain the documents at issue before filing its motion, the court will grant an award of fees and expenses to Vision Value in the amount of $7,254.58.

*Motion in Limine*

1. Dr. Tavel's argument that Vision Value should have deposed Mr. Berger to discover his qualifications and/or the bases of his opinions is misplaced. The purpose of Federal Rule of Civil Procedure 26(a)(2) is to provide notice to opposing counsel – before the deposition – about the expected testimony of an expert witness. Allowing parties to cure a deficient report with later depositions would

further undermine a primary goal of Rule 26(a)(2): "to shorten or decrease the need for expert depositions." Ciomber v. Cooperative Plus, Inc., 527 F.3d 635, 642 (7th Cir. 2008); *see also* Salgado by Salgado v. General Motors Corp., 150 F.3d 735, 742 n.6 (7th Cir. 1998) ("It is the responsibility of the attorney to ensure that the expert's report contains complete opinions that are properly and thoroughly set forth and supported; it should be the goal of the parties to eliminate surprise, avoid unnecessary depositions and reduce costs.").

2. James Berger's report lists as the focus of his education and experience marketing, marketing communications, trademarks, and intellectual property surveys involving brands and trademarks; the focus of his report is damage assessment. The Federal Rules of Evidence, Kumho Tire Co., Ltd. v. Carmichael, 526 U.S. 137 (1999), and Daubert v. Merrell Dow Pharm., Inc., 509 U.S. 579 (1993), don't require experts to have "particular credentials" or be "academics or PhDs, or that their testimony be 'scientific' (natural science or social science) in character," but a person must possess "relevant expertise" to qualify as an expert witness. Tuf Racing Prod., Inc. v. American Suzuki Motor Corp., 223 F.3d 585, 591 (7th Cir. 2000); *see also* Smith v. Ford Motor Co., 215 F.3d 713, 718 (7th Cir. 2000) ("the court [must] determine whether the expert is qualified in the relevant field"). Mr. Berger's credentials show that his expertise is in the area of liability, not in the assessment of damages. Too, a review of Mr. Berger's report shows that he offers little explanation about his methodology or the principles he used in determining the damage amounts he sets forth, leading the court to conclude that

3

his opinions aren't the product of sufficiently reliable principles reliability applied as required by Federal Rule of Evidence 702. Vision Value's motion to strike the opinion testimony of James T. Berger is granted, but its further request for additional time to make further expert disclosures of its own is denied.

*Conclusion*

Based on the foregoing, the court

(a) GRANTS in part and DENIES in part the defendant's motion to compel [docket # 109];

(b) GRANTS the defendant's motion in limine to exclude the testimony of plaintiff's expert [docket # 119].

SO ORDERED.

ENTERED:  March 2, 2009 

  /s/ Robert L. Miller, Jr.  
Chief Judge  
United States District Court