UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| VISION CENTER NORTHWEST, INC., d/b/a Vision Values by Dr. Tavel, | ) ) ) |
| Plaintiff | ) ) |
| vs. | ) CAUSE NO. 3:07-CV-183 RM ) |
| VISION VALUE, LLC, f/k/a Eyeglass Express, | ) ) ) |
| Defendant | ) |

OPINION and ORDER

On March 2, the court granted the motion of Vision Value, LLC to compel Vision Center Northwest, Inc. ("Dr. Tavel") to produce documents sought by Vision Value in document requests dating back to May 2008. Dr. Tavel now asks the court to reconsider the sanction award imposed in connection with the granting of the motion to compel. Dr. Tavel claims the court didn't take into account (i) documents it produced prior to the filing of the motion to compel, (ii) valid objections it had to some of the document requests, or (iii) that Vision Value admitted it had received some of the documents at issue prior to filing its motion to compel.

Dr. Tavel brings the motion to reconsider pursuant to Federal Rule of Civil Procedure 60(b), which provides that the court may relieve a party from a judgment on the grounds of mistake, inadvertence, surprise, excusable neglect, newly discovered evidence, fraud, or "any other reason justifying relief from the

operation of the judgment." Relief under Rule 60(b) "is an extraordinary remedy and is granted only in exceptional circumstances." United States v. 8136 S. Dobson St., Chicago, Ill., 125 F.3d 1076, 1082 (7th Cir. 1997) (*quoting* Dickerson v. Board pf Educ., 32 F.3d 1114, 1116 (7th Cir. 1994)). As Dr. Tavel notes, motions for reconsideration under Rule 60(b) serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence. *See* Paradigm Sales, Inc. v. Weber Marketing Sys., Inc., 880 F. Supp. 1242, 1244 (N.D. Ind. 1994).

The March 2 Opinion and Order may not have outlined every fact considered in the ruling, but the order was issued based on the court's careful consideration of all the arguments presented by the parties in their briefs and at the January 23, 2009 hearing. The court concluded, based, in part, on the considerations outlined by Dr. Tavel in the motion to reconsider, that while Vision Value wasn't entitled to the entire sanction award it sought, "because Dr. Tavel's position was not substantially justified in its entirety and Vision Value made a good faith effort to obtain the documents at issue before filing its motion," a partial award was warranted. Opinion and Ord., at 2.

Dr. Tavel hasn't established a manifest error of law or fact or presented any newly discovered evidence that would justify setting aside the sanction award. The motion to reconsider [docket # 135] is DENIED.

SO ORDERED.

ENTERED:   April 3, 2009

  /s/ Robert L. Miller, Jr.
Chief Judge
United States District Court